IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Deon Hampton, | C/A 2:14cv0749-TLW-WWD |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Major Allen, | |
| Defendant. | |

This conditions of confinement claim brought pursuant to 42 U.S.C. § 1983[1] filed by the Plaintiff, Deon Hampton, proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina for a report and recommendation on the Defendant's motion for summary judgment filed on September 2, 2014. (Dkt. 44).

On September 9, 2014, the Plaintiff was provided a copy of the Defendant's motion and was given an explanation of dismissal and summary judgment procedure, as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Dkt. 45)  The Plaintiff

---

[1] Section 1983, titled a "Civil Action for Deprivation of Rights," reads in relevant portion: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983.

1

was given until October 9, 2014, to file an Opposition to the motion, but he did not do so. Hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to FED.R.CIV.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. FED.R.CIV.P. 56(c).

To avoid summary judgment on the Defendants' motion, the Plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. FED.R.CIV.P. 56(e). See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968).

In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson at 255, 106 S.Ct. at 2513–14. In addition, genuineness means that the

evidence must create fair doubt; wholly speculative assertions will not suffice. A trial is not an entitlement; it exists to resolve what reasonable minds would recognize as real factual disputes. See Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980).

## PRO SE PLAINTIFF

Since the Plaintiff is proceeding pro se, this court is required to treat his filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam). Nevertheless, the court may not rewrite his pleadings; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999), or construct legal arguments for him, Small v. Endicott, 998 F.2d 411, 417–418 (7th Cir.1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274,1278 (4th Cir.1985), cert. denied, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986). Furthermore, while the court should afford a pro se litigant every reasonable opportunity to construct and present his side, the court cannot act as counsel for the pro se litigant or excuse a failure to comply with the rules of this court.

## THE COMPLAINT

In his verified complaint,[2] the Plaintiff, who was a pre-trial detainee at the Beaufort County Detention Center (BCDC) at all relevant times, alleged that the Defendant, Major Allen, "acting with malice, hate, and being vindictive," kept him "on suicide watch" after

---

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991).

3

medical professionals deemed him not to be suicidal. The Plaintiff claims that this was cruel and unusual punishment because the "suicide cell" was not clean, the mattress and floor were dirty, and the room smelled of urine. While the Plaintiff was in the cell, officers verbally abused him. The Plaintiff was kept in the cell from January 14 through January 17, 2014, which caused him, "mental and emotional pain and suffering, humiliation, indignity, embarrassment, and loss of privacy... ." (Dkt. 1)   The Plaintiff seeks damages.[3]

## CONDITIONS OF CONFINEMENT

The Plaintiff alleges constitutional violations in that he was housed in the suicide observation cell instead of the general population for several days while a pretrial detainee at the BCDC.  Confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 at 535 n. 16, 99 S.Ct. 1861 (1979).

A detainee may not be punished prior to the adjudication of guilt, however, he may be subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment." Bell, 441 U.S. at 535–36.  Due process also requires the State to provide pretrial detainees with some minimal level of food, living space, and medical care, and "the failure to provide that level of necessities violates due process-even though the conditions imposed serve some ordinarily legitimate state objective." Hamm v. Dekalb Co., 774 F.2d 1567, 1573 (11th Cir .1985), cert. denied, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986).

---

[3] To the extent that the Plaintiff sued Major Allen in his official capacity for damages, the Eleventh Amendment precludes the action. U.S. Const. Amend. XI;  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

4

The Plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the Defendant. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir., cert. denied, 510 U.S. 949 (1993)). To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992) (citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)).

The Plaintiff must also produce evidence of serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment on conditions claims. Strickler, at 1380–1381. In addition, the Prison Litigation Reform Act (PLRA), provides "[n]o Federal civil action may be brought by a prisoner[4] confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[5] 42 U.S.C. § 1997e(e); ,

---

[4] "Prisoner" is defined as, "any person incarcerated or *detained* in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C.A. §1997 (2)(h) (emphasis added).

[5] The Fourth Circuit has not fully addressed the scope of Section 1997e(e). In Evans v. Welch 213 F.3d 631, 2000 WL 432390, at *1 n. 2 (4th Cir.2000) (per curiam) (unpublished table opinion), the court noted in a footnote that because it had limited jurisdiction in the case, it did not consider the effect of Section 1997e(e) on the case. Nevertheless, the court characterized Section 1997e(e) as "bar[ring] suits by prisoners absent a showing of physical injury." Id. Similarly, in Mayfield v. Fleming, 32 F. App'x 116 (4th Cir.2002) (per curiam) (unpublished opinion), the Fourth Circuit upheld the district court's decision barring Plaintiff's claim for damages because the Plaintiff could not show a physical injury. Further, in Perkins v. Dewberry,139 F. App'x 599 (4th Cir. 2005) (per curiam) (unpublished opinion), the court stated that "de minimis physical injuries cannot support a claim for mental or emotional injury" and concluded that the plaintiff's mental anguish claim was meritless because his injuries were de minimis. See Smith v. James, C/A 8:13-cv-1270-RMG, 2014 WL 2809609, at *7 (D.S.C.June 20, 2014) (collecting cases).

DISCUSSION

A review of the record and relevant case law reveals that the Defendant's motion for summary judgment should be granted and this matter ended.

This is not a difficult case. The Plaintiff seeks damages for his mental or emotional injury suffered while on suicide watch. There is no evidence of a prior showing of physical injury as required by 42 U.S.C. § 1997e(e) and, furthermore, that the Plaintiff's confinement on suicide watch for several days caused Plaintiff any significant physical or mental health injury. See Strickler v. Waters, 989 F.2d 1375, 1380–81 (4th Cir. 1993). As the Bell court noted, "(T)he fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'") Bell at 537. The Plaintiff is not entitled to damages for mental and/or emotional damages under §1983.

The Defendant also asserted his entitlement to qualified immunity as set forth in Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and its progeny. Based upon the record before the court, it appears qualified immunity is also an appropriate basis for judgment as a matter of law.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the Defendant's Motion for summary judgment under Rule 56(c) be granted and the action ended, and any other outstanding motions be denied as moot.

**IT IS SO RECOMMENDED**.

_/s/ Wallace W. Dixon_
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 20, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).