IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DEON HAMPTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MAJOR ALLEN, )<br>)<br>Defendant. )<br>_____ ) | Case No. 2:14-cv-00749-TLW |

**ORDER**

Plaintiff Deon Hampton, proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983 against Defendant Major Charles Allen, who was acting as the Beaufort County Detention Center Deputy Director when the events in question took place. (Doc. #1). Plaintiff alleges that Defendant, "acting with malice, hate, and being vindictive," kept Plaintiff on suicide watch after medical professionals determined Plaintiff was not suicidal. Id. Plaintiff alleges that his confinement in the "suicide cell" was cruel and unusual punishment because the cell was not clean and officers verbally harassed him while he was housed there. Id. Plaintiff filed a motion for discovery on August 25, 2014, requesting "all electronic videos from all the surveillance recorded camera[s] that can show [him] in the room [he] was place[d] in on suicide watch." (Doc. #43). Defendant filed a motion for summary judgment on September 2, 2014. (Doc. #44). Plaintiff's response was due by October 9, 2014; Plaintiff failed to respond.

This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Wallace W. Dixon, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Defendant's motion for summary

judgment and deny any other outstanding motions as moot. (Doc. #47). Objections to the Report were due by November 6, 2014. Plaintiff filed no objections, and this matter is now ripe for disposition.

The Court is charged with conducting a <u>de novo</u> review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained therein. 28 U.S.C. § 636. However, in the absence of objections to the Report, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a <u>de novo</u> review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Report in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED**. (Doc. #47). For the reasons articulated by the Magistrate Judge, Defendant's motion for summary judgment is **GRANTED**. (Doc. #44). Plaintiff's motion for discovery is **DENIED** as **MOOT**. (Doc. #43).

**IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u><br>
Terry L. Wooten<br>
Chief United States District Judge

November 12, 2014
Columbia, South Carolina